UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:03-cr-00007-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **SAMUEL CLINT BLANCHER**, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's motion to seal Defendant's motion for compassionate release and accompanying exhibits. (Doc. No. 45). The Court will grant Defendant's motion.

The common law right of access to judicial records and documents is not absolute. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984). In the Fourth Circuit, a trial court may exercise its discretion to seal documents where competing interests outweigh the public's right of access. In re Knight Pub. Co., 743 F.2d at 235. One competing interest that can justify discretionary seal is a party's privacy interest in sensitive medical information. See Rock v. McHugh, 819 F. Supp. 2d 456, 475 (D.Md. 2011) (citing Pittston Co. v. United States, 368 F.3d 385, 406 (4th Cir. 2004)); Briggs v. Marriott Int'l, Inc., 368 F. Supp. 2d 461, 463 n. 1 (D.Md. 2005).

The Fourth Circuit has directed that, before granting a motion to seal, district courts should (1) provide the non-moving party with notice, (2) consider less drastic alternatives like redaction, and (3) offer reasons supported by specific findings for granting the motion and rejecting alternatives. In re Knight Pub. Co., 743 F.2d at 235.

1

First, the Court finds that the Government has notice of Defendant's motion to seal. (Doc. No. 45). Next, the Court finds that, because Defendant's compassionate release motion is predicated on intimate details contained in his medical records, less drastic alternatives like redaction are inapposite. Defendant's compassionate release motion is saturated with references to medical records such that redaction is impracticable. Finally, the Court finds that Defendant's privacy interest in his sensitive medical information "heavily outweigh[s] the public interests in access." Glisson v. Hooks, 2019 WL 2366470, *3-4 (W.D. N.C. June 4, 2019). The public would not ordinarily have access to Defendant's medical records, and if left un-sealed the records could later be sought for improper purposes. See In re Knight Pub. Co., 743 F.2d at 235.

Based on these specific findings—that the Government has notice of Defendant's motion, that redaction would be impracticable, and that the public interest in disclosure is outweighed by Defendant's interest in the privacy of his medical records—the Court will grant Defendant's motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion to seal Defendant's motion for compassionate release and accompanying exhibits (Doc. No. 45) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's motion for compassionate release and accompanying exhibits are **SEALED**.

Signed: July 22, 2024

Max O. Cogburn Jr
United States District Judge

2